UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE FRANCISCO BARCENAS CANAS,** <br> **Petitioner,** <br> **v.** <br> **MIGUEL VERGARA *et al.*,** <br> **Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. SA-26-CV-5441-OLG** |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Francisco Barcenas Canas's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 7). For the reasons below, the Petition must be denied.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 2014 and was encountered and detained by immigration authorities for the first time on June 13, 2026. He was then placed in removal proceedings and is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of those proceedings. The Court previously granted Petitioner habeas relief on due process grounds. *See Canas v. Ortega*, No SA-26-CV-4048-OLG, Dkt. No. 6 (W.D. Tex. July 13, 2026). In accordance therewith, Petitioner received a bond hearing before an immigration judge, who denied bond on flight risk grounds. *See Canas*, Dkt. No. 7-1. Petitioner initiated this action on August 21, 2026, seeking an order compelling his release on the grounds that his continued detention violates his right to due process. *See* Dkt. No. 1.

## II. JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III. DISCUSSION

The petitioner bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."

*Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). Petitioner argues that his detention violates his due process rights. *See* Dkt. No. 1. The Court disagrees.

First, Petitioner received all the process he was due as a result of his first habeas petition. Indeed, he received a bond hearing, during which the immigration judge determined that he poses a flight risk. *See Canas*, Dkt. No. 7-1. Petitioner has not been deprived of due process. *See, e.g.*, *Adedire v. Warden*, No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.").

Second, while there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008).

## IV. CONCLUSION

Based on the foregoing, Petitioner Jose Francisco Barcenas Canas's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on September 3, 2026.

ORLANDO L. GARCIA
United States District Judge